# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTORIA VOLKAN,**<br>755 Kentwood Street, Apt. 101<br>Philadelphia, PA 19116,<br><br>and<br><br>**LINAS VALATKEVICIUS,**<br>(A-File No. A046-389-806)<br>23 Windsor Avenue<br>London SW19 2AR, United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>**MARKWAYNE MULLIN, in his official** capacity as Secretary of the U.S. Department of Homeland Security;<br><br>**JOSEPH B. EDLOW, in his official** capacity as Director, U.S. Citizenship and Immigration Services,<br><br>Defendants. | Civil Action No. 26-5403<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**<br><br>(Immigration: Agency Action Unreasonably Delayed) |

## COMPLAINT FOR WRIT OF MANDAMUS AND FOR RELIEF

### UNDER THE ADMINISTRATIVE PROCEDURE ACT

Plaintiffs Victoria Volkan and Linas Valatkevicius, by and through undersigned counsel, bring this action against the above-named Defendants in their official capacities and allege as follows:

### NATURE OF THE ACTION

1.   This is a civil action to compel Defendants, the U.S. Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") officials responsible for adjudicating immigration benefit applications, to act on two applications that have been pending without decision for roughly five years.

2.    Plaintiff Victoria Volkan is a United States citizen. Her husband, Plaintiff Linas Valatkevicius, is the beneficiary of an approved Form I-130, Petition for Alien Relative (Receipt No. IOE0907843166), and the applicant on two applications now before USCIS: a Form I-601, Application for Waiver of Grounds of Inadmissibility, and a Form I-212, Application for Permission to Reapply for Admission Into the United States After Deportation or Removal. Both were filed on or about July 9, 2021. (Exs. A, B.)

3.    USCIS has a clear, nondiscretionary duty to decide these applications within a reasonable time. It has discretion over how to decide them, but not over whether to decide them at all. Nearly five years after filing, USCIS has done nothing beyond issuing receipt notices, and the Volkans remain separated across the Atlantic Ocean with no decision in sight.

4.    Plaintiffs seek an order under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), directing Defendants to adjudicate the applications promptly. Plaintiffs do not ask the Court to dictate the outcome, only that a decision be made.

## JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because this action arises under the laws of the United States, including the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 to 706.

6.    This Court may compel agency action unlawfully withheld or unreasonably delayed under the Mandamus Act, 28 U.S.C. § 1361, and the APA, 5 U.S.C. §§ 555(b) and 706(1). The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the All Writs Act, 28 U.S.C. § 1651, provide further support.

7.    The relief sought is not committed to agency discretion by law. Although the ultimate grant or denial of the applications is discretionary, the duty to decide them within a reasonable time is not, and the pace of adjudication is subject to judicial review.

8.    No filing fee, exhaustion, or administrative appeal is a precondition to this suit, and Plaintiffs have no other adequate remedy to obtain a decision on their long-pending applications.

9.      Venue is proper under 28 U.S.C. § 1391(e)(1). Defendants are officers of the United States sued in their official capacities, a substantial part of the events or omissions giving rise to the claim occurred in this District, no real property is involved, and Plaintiff Victoria Volkan resides in this District at 755 Kentwood Street, Apt. 101, Philadelphia, Pennsylvania 19116.

## PARTIES

### Plaintiffs

10.     Plaintiff Victoria Volkan is a United States citizen who resides in Philadelphia, Pennsylvania, within this District. She is the petitioner on the approved Form I-130 filed for her husband and the qualifying relative for his Form I-601 waiver.

11.     Plaintiff Linas Valatkevicius is a native and citizen of Lithuania and the husband of Plaintiff Victoria Volkan. He is the beneficiary of the approved Form I-130 and the applicant on the pending Form I-601 and Form I-212. He currently lives at 23 Windsor Avenue, London SW19 2AR, United Kingdom, and his DHS A-File number is A046-389-806.

### Defendants

12.     Defendant Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security and is sued in his official capacity. He administers and enforces the immigration laws, oversees USCIS as a component of DHS, and is responsible for ensuring that applications for immigration benefits are timely adjudicated.

13.     Defendant Joseph B. Edlow is the Director of U.S. Citizenship and Immigration Services and is sued in his official capacity. USCIS is the DHS component responsible for adjudicating Form I-601 and Form I-212 applications, and Director Edlow supervises that adjudication and is responsible for the delay at issue here.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     No administrative remedy exists by which Plaintiffs can compel USCIS to decide the pending applications. Neither the INA nor USCIS regulations provide an appeal from an agency's failure to act, and no such step is a prerequisite to this suit. Plaintiffs have

received no decision, request for evidence, or interview notice. Although not required to do so, they repeatedly used the agency's informal channels, including USCIS case-status service requests and requests to the DHS Ombudsman described below, without obtaining a decision.

## STATEMENT OF FACTS

### A. The Parties' Marriage and the Approved Immigrant Visa Petition

15. Plaintiffs Victoria Volkan and Linas Valatkevicius met in 2001 and married on March 1, 2008, in Philadelphia, Pennsylvania. They have remained married since.

16. Mr. Valatkevicius first entered the United States on March 7, 1999, as a lawful permanent resident through the Diversity Immigrant Visa (DV-1) program.

17. On or about November 7, 2019, Ms. Volkan filed a Form I-130 for her husband. On or about August 2, 2020, USCIS approved the petition (Receipt No. IOE0907843166), classified Mr. Valatkevicius as the immediate relative spouse of a United States citizen under INA § 201(b), 8 U.S.C. § 1151(b), and forwarded the approved petition to the U.S. Department of State National Visa Center for immigrant visa processing.

18. Mr. Valatkevicius's immigrant visa application is being processed by the U.S. Embassy in London, United Kingdom (Department of State Consular Case No. LND2020750003).

### B. The Prior Removal and the Need for Waivers

19. On or about March 18, 2013, Mr. Valatkevicius was ordered removed from the United States. That removal renders him inadmissible under INA § 212(a)(9)(A), 8 U.S.C. § 1182(a)(9)(A), and he needs the consent of the Secretary of Homeland Security to reapply for admission, that is, an approved Form I-212, before he may be admitted.

20. To overcome the applicable grounds of inadmissibility and be reunited with his United States citizen wife, Mr. Valatkevicius must also obtain approval of a Form I-601 waiver under section 212(h) of the INA, 8 U.S.C. § 1182(h). A section 212(h) waiver requires a showing that denial would cause extreme hardship to a qualifying relative, here his United States citizen spouse, Ms. Volkan.

### C. The Applications and USCIS's Failure to Adjudicate

4

21. On or about July 9, 2021, Plaintiffs, through prior counsel, filed the Form I-601 and Form I-212 for Mr. Valatkevicius, together with extensive supporting documentation, including evidence of extreme hardship to Ms. Volkan. The applications were sent to the USCIS lockbox in Phoenix, Arizona, designated for these foreign-filer applications.

22. USCIS received the applications on July 12, 2021, and issued Form I-797C receipt notices dated July 14, 2021. The Form I-601 was assigned Receipt No. LIN2190429739, and the Form I-212 was assigned Receipt No. LIN2190429740. Both applications are pending at the USCIS Nebraska Service Center in Lincoln, Nebraska. (Exs. A, B.)

23. Since issuing the receipt notices, USCIS has taken no further action on either application. It has not requested additional evidence, scheduled an interview, notified Plaintiffs of any transfer for decision, or issued any decision granting or denying the applications.

24. As of the filing of this Complaint, roughly five years have passed since the applications were filed and received in July 2021, and they remain undecided. This delay far exceeds USCIS's own posted processing times for these application types and the 180-day adjudication goal Congress expressed in 8 U.S.C. § 1571(b).

**D. Plaintiffs' Repeated Efforts to Obtain a Decision**

25. Beginning in 2023, Plaintiffs, through counsel, repeatedly asked USCIS to act. On or about July 18, 2023, counsel submitted a case-status service request on the Form I-601 (Receipt No. LIN2190429739). USCIS responded on July 19, 2023 (Referral ID WKD0442303933NSC) without adjudicating the application, stating only that the case was "in line to be reviewed by an officer." (Ex. C.)

26. On or about June 3, 2024, counsel submitted a service request on the Form I-212 (Service Item No. 33885556), identifying it as outside normal processing times. On or about July 8, 2024, counsel submitted a further service request on the Form I-601 (Service Item No. 34353063), again identifying it as outside normal processing times. (Ex. C.)

27. On or about December 11, 2024, counsel again inquired about the Form I-212 (Receipt No. LIN2190429740). USCIS responded on February 12, 2025 (Referral ID WKD3462402962NSC) that the case was "in line to be reviewed by an officer" and asked Plaintiffs to allow additional time. (Ex. C.)

28. On or about January 14, 2025, counsel submitted a further inquiry (Service Item No. 37065698). USCIS responded on January 15, 2025 that "the processing of this case has been delayed because the required USCIS review is still in process," that "[u]ntil the required review is completed, this agency cannot move forward on this case," and that "an exact date for completion of the review is not known at this time." (Ex. C.)

29. Plaintiffs continued to seek adjudication, submitting further service requests on or about January 6, 2026 (Inquiry ID T1S0062600624RPA) and on or about April 6, 2026 (Service Item No. 43100446). (Ex. C.)

30. Plaintiffs also sought assistance from the DHS Office of the Citizenship and Immigration Services Ombudsman. On Ombudsman Request No. 2023067168, the Ombudsman advised on or about June 8, 2023 that the Nebraska Service Center's I-601/I-212 team had, on or about July 11, 2022, acknowledged counsel's request to expedite the Form I-601. On a further Ombudsman Request No. 2023074847, the Ombudsman advised on or about September 29, 2023 that it had contacted USCIS about the Form I-212, and reported on or about October 5, 2023 that USCIS stated it was "still actively reviewing" the application and could not give a specific timeframe for resolving the case, after which the Ombudsman closed the request.

31. Despite these repeated and diligent efforts over a period of years, Defendants have neither adjudicated the applications nor provided any date by which they will do so.

**E. The Harm Caused by the Delay**

32. The delay has kept Plaintiffs, a married couple, separated across the Atlantic Ocean for years, with no end in sight. Ms. Volkan remains in Philadelphia while her husband remains in the United Kingdom, unable to be admitted to the United States until the applications are adjudicated and, if granted, his immigrant visa is issued.

33. Ms. Volkan suffers from serious, documented medical conditions, including a depressive disorder and a neurocognitive disorder, for which she receives ongoing psychiatric care and medication, as well as cardiac conditions under ongoing monitoring. The prolonged, indefinite separation caused by the delay aggravates these conditions and compounds the very hardship the pending Form I-601 waiver is meant to address. (Ex. D.)

6

34. Every additional month of unexplained delay deepens Plaintiffs' injury. Plaintiffs have no way to obtain relief other than an order from this Court compelling Defendants to act.

## CLAIMS FOR RELIEF

### COUNT I: Violation of the Administrative Procedure Act

35. Plaintiffs re-allege and incorporate by reference each of the preceding paragraphs as though fully set forth herein.

36. The Form I-601 and Form I-212 applications are matters presented to USCIS within the meaning of 5 U.S.C. § 555(b), which requires that, "with due regard for the convenience and necessity of the parties," the agency conclude a matter presented to it "within a reasonable time."

37. Under 5 U.S.C. § 706(1), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." The adjudication of the applications is a discrete agency action that USCIS is required to take.

38. Defendants have unreasonably delayed and unlawfully withheld adjudication of the applications. Under the factors in Telecommunications Research and Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984), the delay is unreasonable: it follows no discernible rule of reason; it greatly exceeds the timeframe Congress signaled in 8 U.S.C. § 1571(b) and USCIS's own processing norms; it involves human health and welfare rather than mere economic interest; and it has caused Plaintiffs real prejudice, including years of family separation and the aggravation of Ms. Volkan's medical conditions. USCIS's own responses confirm the absence of any rule of reason. Over a period of years it has told Plaintiffs only that the applications are outside normal processing times and "in line to be reviewed," and that adjudication is on hold pending a "required review" for which an exact completion date is not known. As early as October 2023, USCIS told the DHS Ombudsman that it could give no specific timeframe for resolving the case.

39. Plaintiffs are entitled to an order compelling Defendants to adjudicate the applications within a time certain.

### COUNT II: Mandamus

*(28 U.S.C. § 1361)*

40.    Plaintiffs re-allege and incorporate by reference each of the preceding paragraphs as though fully set forth herein.

41.    The Mandamus Act, 28 U.S.C. § 1361, gives district courts jurisdiction to compel an officer or employee of the United States to perform a duty owed to the plaintiff.

42.    Plaintiffs have a clear and certain right to have their applications adjudicated, and Defendants owe them a clear, nondiscretionary duty to adjudicate the Form I-601 and Form I-212 within a reasonable time. That duty is ministerial insofar as a decision must be made, even though the substance of the decision is discretionary.

43.    No other adequate remedy is available to Plaintiffs. The requirements for mandamus relief are therefore satisfied, and Plaintiffs are entitled to an order compelling Defendants to adjudicate the applications.

## COUNT III: Declaratory Judgment

*(28 U.S.C. §§ 2201, 2202)*

44.    Plaintiffs re-allege and incorporate by reference each of the preceding paragraphs as though fully set forth herein.

45.    An actual controversy exists between the parties concerning Defendants' failure to adjudicate the applications within a reasonable time. Plaintiffs are entitled to a declaration that Defendants have unreasonably delayed and unlawfully withheld action on the applications, and to any further necessary or proper relief under 28 U.S.C. § 2202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Assume jurisdiction over this action;

B.    Declare that Defendants have unreasonably delayed and unlawfully withheld adjudication of Plaintiffs' Form I-601 and Form I-212 applications, in violation of the Administrative Procedure Act and Defendants' nondiscretionary duties;

8

C.     Compel Defendants and those acting under them to adjudicate Plaintiffs' Form I-601 and Form I-212 applications within thirty (30) days of the Court's order, or within such other time as the Court deems just and proper;

D.     Retain jurisdiction to ensure timely compliance with the Court's order;

E.     Award Plaintiffs their reasonable costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and

F.     Grant such other and further relief as the Court deems just and proper.

Dated: July 31, 2026

Respectfully submitted,

/s/ Ana Ferreira
Ana Ferreira, Esq.
PA Bar No. 319949
Ferreira Law
8100 Castor Ave
Philadelphia, PA 19152
267-521-2143
ana@anaferreiralaw.com
Counsel for Plaintiffs

## INDEX OF EXHIBITS

**Exhibit A** Form I-797C Receipt Notice for Form I-601, Application for Waiver of Grounds of Inadmissibility (Receipt No. LIN2190429739), dated July 14, 2021.

**Exhibit B** Form I-797C Receipt Notice for Form I-212, Application for Permission to Reapply for Admission (Receipt No. LIN2190429740), dated July 14, 2021.

**Exhibit C** USCIS case-status correspondence and service-request responses regarding the Form I-601 and Form I-212 (2023 to 2026).

**Exhibit D** Medical documentation of Plaintiff Victoria Volkan.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**VERIFICATION**

I, Victoria Volkan, declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that I am a Plaintiff in the above-captioned action, that I have read the foregoing Complaint, and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on: July 31, 2026


 _/s/Victoria Vlkan__
Victoria Volkan

11